UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| L.R., by and through her Next Friend, R.S.; and R.S., individually and as Next Friend to L.R., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. _____ |
| THE BOARD OF EDUCATION OF JENNINGS SCHOOL DISTRICT, | ) ) ) | |
| DR. PAULA KNIGHT, SUPERINTENDENT OF JENNINGS SCHOOL DISTRICT, in her official capacity, | ) ) ) ) | |
| DR. LESLIE THOMAS-WASHINGTON, ASSISTANT SUPERINTENDENT OF SCHOOLS OF JENNINGS SCHOOL DISTRICT, in her official capacity, | ) ) ) ) ) | |
| DR. CURTESE HOWARD, PRINCIPAL OF ROSE MARY JOHNSON JENNINGS JUNIOR HIGH SCHOOL, in her official capacity, | ) ) ) ) ) | |
| and | ) ) | |
| STANLEY JOHNSON, ASSISTANT PRINCIPAL OF ROSE MARY JOHNSON JENNINGS JUNIOR HIGH SCHOOL, in his official capacity, | ) ) ) ) ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiffs, by and through their attorneys, state and allege the following in support

of their Complaint:

1

**INTRODUCTION**

1.      The Defendant Board of Education of Jennings School District ("Defendant Board") has arbitrarily deprived Plaintiff L.R. of substantial educational instruction without due process of law.

2.      On or about November 12, 2025, Defendant Dr. Howard summarily and unilaterally transferred Plaintiff L.R. from an in-person educational setting at Rose Mary Johnson Jennings Junior High School ("RJJJH") to Edgenuity, an asynchronous (not real-time) virtual learning platform—an inferior and substandard alternative educational placement—without notice, a hearing, or an opportunity to appeal. Defendant Dr. Howard stated this removal from the regular learning environment was based on an incident involving L.R.'s father's conduct during school pickup.

3.      Defendant Johnson also failed to provide Plaintiff L.R. with notice, a hearing, or an opportunity to appeal. He furthered Plaintiffs' confusion in the months following Plaintiff L.R.'s removal with vague conditions imposed on her return to school, including a requirement of progress in the virtual learning setting. As RJJJH's director for the virtual platform, Defendant Johnson failed to provide instruction, academic supports, meaningful oversight, clear communication, or timely intervention that would have allowed Plaintiff L.R. to make this progress, even after it was evident that L.R. was struggling in the virtual setting and even after Plaintiff R.S. repeatedly requested clarity and assistance.

4.      Defendant Dr. Thomas-Washington also failed to provide Plaintiff with notice, a hearing, or an opportunity to appeal. She also failed to address concerns that Plaintiff R.S. raised to her regarding not only the lack of support for Plaintiff L.R. in the virtual setting but also the underlying reasons for L.R.'s removal from the regular classroom.

5.    Defendant Dr. Knight is the only District administrator authorized directly or by designation to suspend a student for more than ten days. District discipline records establish that L.R.'s removal was an "out-of-school suspension" imposed from November 12, 2025, through May 21, 2026, a period of 110 school days. Defendant Dr. Knight deprived Plaintiff L.R. of substantial educational instruction without due process of law.

6.    At no time did Defendants provide Plaintiffs with notice of the removal or suspension, a hearing, or an opportunity to appeal.

7.    Defendants failed to ensure that the virtual learning platform provided an appropriate education or instruction for Plaintiff L.R. Defendants did not ensure that Plaintiff L.R. was working in the correct program of study when she initially began virtual learning. While on virtual learning, Plaintiff L.R. has received only sporadic assignments and "independent work," with no access to actual instruction, teacher feedback, academic or emotional support, meaningful oversight, timely intervention, or even clear expectations for progress. Plaintiff R.S. has made frequent, written pleas for additional support. With wholly inappropriate academic material and no support, Plaintiff L.R.'s grades have suffered. She is presently at risk of irreparable harm to her education and life outcomes.

8.    Defendants have failed to respond to Plaintiff R.S.'s numerous requests for L.R. to return to the regular school setting. Plaintiff R.S. made these requests in writing as well as in person to Defendant Dr. Washington at a meeting of Defendant Board.

9.    Defendants held Plaintiff L.R.'s lack of "academic progress on Edgenuity" against her. Defendants initially told Plaintiff R.S. that Plaintiff L.R. could return to RJJJH in January 2026 if her progress was sufficient, and then moved the goalpost to February, and then to March. However, Defendants never defined their standards for progress. Defendant

3

Johnson continued to cite a lack of virtual learning "progress" as a reason to deny Plaintiff L.R.'s return to school and also made a vague reference to "safety." Yet Defendants' records reveal that from the very first day of Plaintiff L.R.'s removal, Defendants had planned to suspend her until the end of the 2025-26 school year—for a total of 110 school days.

10.     Plaintiff R.S. and Plaintiff L.R., by and through her mother and Next Friend Plaintiff R.S., seek a declaration that Defendants have violated her due process rights. They seek temporary, preliminary, and permanent injunctive relief compelling Defendants to permit her to return immediately in person to RJJJH.

## JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343(a) and supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2022, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

12.     Plaintiffs' claims arise under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

13.     Venue is proper here pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Jennings, Missouri, which is within the Eastern District of Missouri, Eastern Division.

## THE PARTIES

14.     Plaintiff R.S., age 33, is the mother and Next Friend of L.R. She resides in the City of Jennings, State of Missouri.

15.     Plaintiff L.R., age 13, is a Black girl. She resides in the City of Jennings, State of Missouri.

4

16.     Defendant Board is the governing board of a school district organized and existing under the laws of the State of Missouri, with its offices and principal place of business at 2559 Dorwood Drive, Jennings, MO 63136.

17.     At all times relevant hereto, Defendant Paula Knight ("Defendant Dr. Knight") was the Superintendent of Jennings School District, an employee and agent of the District acting within the course and scope of her agency authority. Defendant Dr. Knight is sued in her official capacity.

18.     At all times relevant hereto, Defendant Leslie Thomas-Washington ("Defendant Dr. Washington") was the Assistant Superintendent of Schools for Jennings School District, an employee and agent of the District acting within the course and scope of her agency authority. Defendant Dr. Washington is sued in her official capacity.

19.     At all times relevant hereto, Defendant Curtese Howard ("Defendant Dr. Howard") was the Principal of Rose Mary Johnson Jennings Junior High School within Jennings School District, an employee and agent of the District acting within the course and scope of her agency authority. Defendant Dr. Howard is sued in her official capacity.

20.     At all times relevant hereto, Defendant Stanley Johnson ("Defendant Johnson") was the Assistant Principal of Rose Mary Johnson Jennings Junior High School within Jennings School District, an employee and agent of the District acting within the course and scope of his agency authority. Defendant Johnson is sued in his official capacity.

## LEGAL FRAMEWORK

21.     Students' rights to due process of law prior to exclusion from school is enshrined in the federal and state constitutions. The Fourteenth Amendment to the United States Constitution guarantees that no State shall "deprive any person of life, liberty, or property,

without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause of the Missouri Constitution, Article I, Section 10, is interpreted consistently with the federal Due Process Clause. *Blaske v. Smith & Entzeroth*, 821 S.W.2d 822, 833-34 (Mo. banc 1991). Before a student can be removed from school and thus deprived of their property interest in education, they are entitled to notice, an opportunity to be heard, and an opportunity to appeal. *Goss v. Lopez*, 419 U.S. 565, 581 (1975).

22.     Missouri's school discipline statutes affirm these due process requirements. Section 167.171.2, Mo. Rev. Stat., clearly states that no student "shall be suspended unless: (1) the pupil shall have been given oral and written notice of the charges against such pupil; (2) if the pupil denies the charges, such pupil shall be given an oral or written explanation of the facts which form the basis of the proposed suspension; the pupil shall be given an opportunity to present such pupil's version of the incident; and in the event of a suspension for more than ten school days," a suspension may be stayed until a board decision if a student pursues a board appeal. Section 167.161, Mo. Rev. Stat., also emphasizes that suspension is only lawful "after notice to parents or others having custodial care and a hearing upon charges preferred." The provision further details additional due process considerations "[a]t the hearing upon any such removal," including the right to present evidence and the right to a trial de novo by the circuit court. Mo. Rev. Stat. § 167.161.1; § 167.161.3.

23.     Furthermore, Missouri's constitution guarantees "free public schools for the gratuitous instruction of all persons" in the state under twenty-one years of age. Mo. Const. art. IX, § 1(a).

24.     Finally, the Missouri Administrative Procedure Act allows for judicial review of administrative decisions, including decisions by school districts, and for declaratory and

injunctive relief when such a decision is found to be "unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion." Mo. Rev. Stat. § 536.150. Defendant Board is an administrative agency within the meaning of the Missouri Administrative Procedure Act since it was organized pursuant to Mo. Rev. Stat. § 162.621 for the purpose of supervising and governing public schools and public school property in the district and generally exercises all powers in the administration of the public school system in Jennings.

## STATEMENT OF FACTS

25.    Plaintiff R.S. and her daughter, Plaintiff L.R., moved to the District on or around March 2025, when Plaintiff L.R. was in sixth grade.

26.    In her first term of seventh grade, Plaintiff L.R. achieved mixed grades, including an A-, B, C-, and two Fs.

27.    In the classes where she was struggling most, teachers noted that she struggled in particular with finishing independent assignments.

28.    Defendants have claimed that on or around November 12, 2025, the father of Plaintiff L.R. was involved in an incident at RJJJH during school pickup.

29.    The same day as this alleged incident, Defendant Dr. Howard called Plaintiff R.S. and informed her that Plaintiff L.R. would be banned from the regular classroom and placed on the virtual learning platform Edgenuity until January 6, 2026.

30.    Defendants did not provide Plaintiff L.R. or Plaintiff R.S. with notice of the Code of Conduct provision that Defendants claim Plaintiff L.R. violated.

31.    Defendants did not provide Plaintiff L.R. or Plaintiff R.S. with a description of L.R.'s specific conduct that would support disciplinary action.

32.     Defendants' sole provided reason for banning Plaintiff L.R. from the classroom was Plaintiff L.R.'s father's conduct.

33.     Defendants did not provide Plaintiff L.R. with notice of the length of her removal from school.

34.     Defendants did not provide Plaintiff L.R. with notice that she had been suspended.

35.     Defendants did not provide Plaintiff L.R. with an opportunity to be heard.

36.     Defendants did not provide Plaintiff L.R. with an opportunity to appeal the decision to remove her from the regular school environment.

37.     Defendants provided vague information to Plaintiff R.S., suggesting that Plaintiff L.R. may be able to return to school pending "academic progress" on virtual learning.

38.     Defendants did not provide Plaintiff L.R. with guidelines, standards, or criteria defining academic progress.

39.     For several days, Defendants provided Plaintiffs no instructions on how to access education.

40.     On November 17, 2025, Plaintiff R.S. received an email from Defendant Johnson with the subject "Welcome Virtual RJJJH Student!" In a letter attached to this email, Defendant Johnson noted that "students' daily goal is to complete at least twenty total assignments." However, the next sentence referenced "[c]ompleting 50 assignments daily" as a benchmark for "attendance and progress."

41.     The letter emphasized that the entire Edgenuity program is "independent work"— the exact type of work that Defendants knew Plaintiff L.R. struggled with.

42.     Since November 12, 2025, Defendants have failed to provide Plaintiff L.R. with access to synchronous instruction—that is, interactive instruction in real time.

43.     Defendants failed to provide Plaintiff L.R. with a live teacher to whom she could ask questions.

44.     Defendants failed to provide Plaintiff L.R. with access to academic or emotional support.

45.     Defendants failed to provide Plaintiff L.R. with access to meaningful oversight or timely intervention.

46.     For weeks, Plaintiff L.R. was completing assignments on other virtual platforms that she and Plaintiff R.S. thought were the required assignments.

47.     During these weeks, Defendants failed to determine why Plaintiff L.R. was not completing the correct assignments or to offer any support to Plaintiffs.

48.     The day before winter break in December 2025, Defendant Johnson notified Plaintiff R.S. through a phone call that Plaintiff L.R. had not completed any Edgenuity work.

49.     When Plaintiff R.S. explained that Plaintiff L.R. had been completing work outside Edgenuity platforms, Defendant Johnson said he would inquire whether the work Plaintiff L.R. had completed could be accepted for credit. Defendants have not informed Plaintiffs whether they will credit this work.

50.     Plaintiff R.S. sent Plaintiff L.R. to school in person on January 6, 2026, the date she had initially been told Plaintiff L.R. could return.

51.     Plaintiff L.R. was immediately sent home, back to virtual learning.

52.     In early January 2026, Plaintiff R.S. spoke to Defendant Johnson regarding her concerns about Plaintiff L.R.'s academic progress and to ask when she may be able to return to in-person learning.

53.     Defendant Johnson said that Plaintiff L.R. would be able to return to in-person learning when she completed her assignments on Edgenuity.

54.     On January 21, 2026, Plaintiff R.S. emailed Defendant Johnson to again ask that Plaintiff L.R. be returned to in-person learning.

55.     In this email, Plaintiff R.S. explained that Plaintiff L.R.'s Edgenuity assignments were confusing to L.R., that she struggled to understand the material without academic support, and that virtual learning was detrimentally impacting her mental health.

56.     Plaintiff R.S. also emphasized her concern that Defendants were punishing Plaintiff L.R. due to another's conduct.

57.     Defendant Johnson acknowledged receiving this email but did not respond to any of Plaintiff R.S.'s concerns and did not let her know when Plaintiff L.R. would be allowed to return to in-person learning.

58.     On February 2, 2026, Plaintiff R.S. again emailed Defendant Johnson to again ask that Plaintiff L.R. be returned to in-person learning.

59.     Defendant Johnson responded that "at this time, [Plaintiff L.R.] is not eligible to return to the Junior high. She will be up for review at the end of the 3rd quarter, which is March 12th." Defendant Johnson stated that school staff and "a counselor will be reaching out to her for support and to check on her progress."

60.     Defendants never provided Plaintiff L.R. this promised support.

61.    Defendant Johnson did not address Plaintiff R.S.'s concern regarding Defendants' reasons for forcing Plaintiff L.R. onto virtual learning in the first place.

62.    Defendants did not at any point provide Plaintiff R.S. with information about how to appeal the decision to force Plaintiff L.R. onto virtual learning.

63.    On February 2, 2026, Plaintiff R.S. responded to Defendant Johnson, requesting a meeting in person to discuss Plaintiff L.R.'s progress and to "get a clear understanding of the protocol and who is there to support her."

64.    On or around February 9, 2026, Plaintiff R.S. attended a meeting of Defendant Board of Education to express her concerns.

65.    Plaintiff R.S. also met with Defendant Dr. Washington and shared her concerns.

66.    On February 12, 2026, Plaintiff R.S. sent an email to Defendant Dr. Washington and other District staff. In this email, Plaintiff R.S. emphasized that Plaintiff L.R. had not received any calls checking in or offering assistance or support regarding her academic expectations. Plaintiff R.S. also requested Defendant Board's policies that Defendants believed could justify Plaintiff L.R.'s exclusion from school.

67.    Plaintiff R.S. stated in the email, "It is my understanding that a student cannot be kept out of school without a formal suspension or expulsion, along with documentation outlining the reason. To my understanding [Plaintiff L.R.] is not currently serving a suspension, not have I been formally informed of a specific incident or provided details of any alleged violation of the student code of conduct. Please provide the dates of any disciplinary actions that I was formally notified of, which justify [Plaintiff L.R.] being out of school, as well as documentation supporting the directive for her to complete work exclusively through the online platform without a defined end date."

68.     Defendants failed to respond to Plaintiff R.S.'s email.

69.     Defendants failed to provide Plaintiff R.S. with the policies as she requested.

70.     Defendants failed to provide Plaintiff R. S. with information about the dates of disciplinary actions as she requested.

71.     Defendants failed to provide Plaintiff R.S. documentation supporting their decision to place Plaintiff L.R. on indefinite virtual learning.

72.     March 12—the date Defendant Johnson had indicated was the day Plaintiff L.R. would be "up for review"—passed without communication from Defendants to Plaintiff R.S.

73.     On March 31, 2026, Plaintiff R.S. again emailed Defendant Johnson requesting an update on Plaintiff L.R.'s return to school.

74.     That day, Defendant Johnson called Plaintiff R.S. and informed her for the first time that Plaintiff L.R. would not be able to return to RJJJH this school year.

75.     Defendant Johnson also informed Plaintiff R.S. that Plaintiff L.R. would have to attend summer school.

76.     Also on March 31, Defendant Johnson sent Plaintiff R.S. an email reiterating that Plaintiff L.R. was "not eligible to return to RJJJH for safety and academic progress on edgenuity [sic]."

77.     He also mistakenly suggested that Plaintiff L.R. would take part in the ninth-grade transition program over the summer to prepare for high school, despite the fact that Plaintiff L.R. had not yet completed seventh grade.

78.     On April 1, 2026, Defendant provided Plaintiff L.R.'s records to Plaintiffs' counsel.

79.     Plaintiff L.R.'s discipline records establish that in November 2025 Defendants decided to suspend Plaintiff L.R. out of school for the remainder of the school year, a total of 110 school days.

80.     Plaintiff L.R.'s discipline records also establish that neither Defendant Dr. Knight nor her designee nor any other Defendant provided Plaintiff L.R. with notice, a hearing, or an opportunity to appeal this long-term suspension.

81.     Defendants' actions and omissions have caused Plaintiff L.R.'s grades to suffer. She presently has all Fs.

82.     Defendants' exclusion of Plaintiff L.R. from school has caused her to languish academically, socially, and emotionally.

83.     Defendants provided L.R. with a virtual platform that is significantly different from and inferior to the regular in-person educational setting. At RJJJH, Plaintiff L.R. received approximately thirty (30) hours of in-person educational instruction per week (or six (6) hours each weekday) in her scheduled classes. She received daily instruction from teachers in an interactive learning environment alongside her peers. RJJJH also offered specialty programs including field trips, extracurricular activities, counseling, and meal programs.

84.     In contrast, the Edgenuity virtual platform involves no interaction with certified teachers, no synchronous engagement in real time, and limited assignments across subject matter. Plaintiff L.R. only receives about fifteen (15) hours of self-guided, independent educational work per week, or three (3) hours each weekday. Plaintiff L.R. does not receive homework on virtual learning. Furthermore, she does not have textbooks.

85.     Evidence from forced virtual learning during the COVID-19 pandemic has demonstrated the inferior nature of virtual learning compared to robust in-person instruction. Nationally, students whose schools met mostly online in the 2020-2021 school year performed 13 percentage points lower in math and 8 percentage points lower in reading compared with schools meeting mostly in person, according to a 2022 study by economists from Brown University, the Massachusetts Institute of Technology, and the University of Nebraska-Lincoln. Rebecca Jack, Clare Halloran, James Okun, and Emily Oster, *Pandemic Schooling Mode and Student Test Scores: Evidence from U.S. School Districts* 11, NAT'L BUR. OF ECON. RESEARCH (Apr. 26, 2022).

86.     Black students like Plaintiff L.R. have been disproportionately affected by COVID-related learning loss, exacerbating disparities in educational access that existed well before the pandemic. *See id.* at 12; Dan Goldhaber, Thomas J. Kane, Andrew McEachin, Emily Morton, Tyler Patterson, and Douglas O. Staiger, *The Consequences of Remote and Hybrid Instruction During the Pandemic* 8, NAT'L BUR. OF ECON. RESEARCH (May 2022) ("Black…students lost even more ground relative to white students with similar baseline achievement during the pandemic period than in the pre-pandemic period: Black students lost an additional .119 standard deviations."); Emma Dorn, Bryan Hancock, Jimmy Sarakatsannis, and Ellen Viruleg, *COVID-19 and Learning Loss—Disparities Grow and Students Need Help* 4, MCKINSEY & CO. (Dec. 2020) (finding that students of color were about three to five months behind in learning after just half a semester of remote learning).

87.     Plaintiff L.R. is at risk of imminent harm and irreparable injury unless she is returned to RJJJH.

88.     Plaintiffs have no adequate remedy at law.

## COUNT ONE

## Violation of the Fourteenth Amendment to the United States Constitution

## and 42 U.S.C. § 1983

89.     Plaintiffs incorporate and reassert the allegations of the foregoing paragraphs herein.

90.     Plaintiff L.R. has a property interest in education by virtue of Mo. Rev. Stat. §§ 160.051 and 167.031 and Mo. Const. Art. IX.

91.     Plaintiff L.R. has a liberty interest in education by virtue of the Fourteenth Amendment to the United States Constitution.

92.     The above-described conduct of Defendants, who operated within the scope of their employment under color of state law, as well as the policies, customs, and habits of the Jennings School District, violated rights secured to the Plaintiffs pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which is actionable pursuant to 42 U.S.C. § 1983.

93.     Defendants have unlawfully excluded Plaintiff L.R. from RJJJH for an indefinite period without notice, an opportunity to be heard, or an opportunity to appeal being provided to either her or her mother and Next Friend, Plaintiff R.S.

94.     Defendants' actions have resulted in Plaintiff L.R. being placed in a substandard alternative education setting and have deprived Plaintiff L.R. of both her property and liberty interests relating to her education without procedural due process of law.

95.     Defendants' refusal to provide Plaintiffs with proper notice and an opportunity to be heard and their failure to provide Plaintiffs with an opportunity to appeal this unilateral

transfer violate Plaintiffs' rights under the Fourteenth Amendment to the U.S. Constitution, which is actionable pursuant to 42 U.S.C. § 1983.

96.     As a direct and proximate result of Defendants' acts and omissions, Plaintiffs L.R. and R.S. have suffered learning loss, emotional distress, and damage to their reputation.

**COUNT TWO**

**Violation of the Missouri Constitution, Article I, Section 10**

97.     Plaintiffs incorporate and reassert the allegations of the foregoing paragraphs within.

98.     The education that Plaintiff L.R. is receiving while in a virtual learning program is significantly different from and inferior to the education she received while at RJJJH in the in-person classroom setting.

99.     Plaintiff L.R.'s removal from RJJJH and transfer to virtual learning for more than 10 school days constitutes a long-term suspension.

100.    Defendant Board, acting on its own behalf and as an arm or instrumentality of the State; Defendant Dr. Knight; Defendant Dr. Washington; Defendant Dr. Howard; and Defendant Johnson violated the rights of Plaintiffs R.S. and L.R. under the Due Process Clause of Article I, Section 10 of the Missouri Constitution in the following respects:

a.      They failed to provide Plaintiffs R.S. and L.R. with notice that reasonably apprised Plaintiffs of the disciplinary action taken against Plaintiff L.R. in that Defendants never informed Plaintiffs whether L.R. had been expelled or long-term suspended and never informed Plaintiffs of the length of her removal from RJJJH.

b.      They failed to provide Plaintiffs with a full and fair opportunity to be heard to challenge the long-term suspension and transfer to virtual learning.

16

c.      They failed to notify Plaintiffs of their right to appeal the long-term suspension.

d.      They arbitrarily denied an education to Plaintiff L.R. for more than 10 school days without following the rules and procedures that apply to long-term suspensions, including the rules and procedures in Defendant Board's own Handbook and Board Policies.

## COUNT THREE

### Violation of the Missouri Constitution, Article IX, Section 1(a)

101.    Plaintiffs incorporate and reassert the allegations of the foregoing paragraphs herein.

102.    Defendant Board, acting on its own behalf and as an arm or instrumentality of the State; Defendant Dr. Knight; Defendant Dr. Washington; Defendant Dr. Howard; and Defendant Johnson violated the rights of Plaintiff L.R. under Article IX, Section 1(a) of the Missouri Constitution by removing her from RJJJH for more than 10 school days and unilaterally assigning her to substandard virtual learning where she has had no instructor present to supervise and assist her with her educational needs.

103.    District Defendants' aforesaid acts and omissions have denied Plaintiff L.R. access to gratuitous instruction which would provide her with the opportunity to prepare for her future role as citizen, participate in the political system, and compete both economically and intellectually.

## COUNT FOUR

### Violation of the Missouri Administrative Procedure Act,

### Missouri Revised Statutes Section 536.150

104.    Plaintiffs incorporate and reassert the allegations of the foregoing paragraphs herein.

17

105.    By summarily excluding Plaintiff L.R. from RJJJH and subsequently transferring her to a virtual placement for an indefinite period without providing a full and fair opportunity to be heard or an opportunity to appeal, Defendants have abused their discretion and acted arbitrarily, capriciously, and not in accordance with the law, without observance of procedure required by law, and contrary to statutory and constitutional rights in violation of Plaintiffs' rights under the Missouri Administrative Procedure Act, Mo. Rev. Stat. § 536.150.

## COUNT FIVE

### Violation of Missouri Revised Statutes Sections 167.161 and 167.171

106.    Plaintiffs incorporate and reassert the allegations of the foregoing paragraphs herein.

107.    The education Plaintiff L.R. is receiving through the virtual program is significantly different from and inferior to the education she was receiving at RJJJH in her general education classrooms.

108.    Defendants' removal of Plaintiff L.R. from the regular classroom indefinitely and its transfer of Plaintiff L.R. to the virtual program constitute a long-term suspension.

109.    Defendant Board, acting on its own behalf and as an arm or instrumentality of the State; Defendant Dr. Knight; Defendant Dr. Washington; Defendant Dr. Howard; and Defendant Johnson violated Mo. Rev. Stat. §§ 167.161 and 167.171 in the following respects:

e.  They failed to notify Plaintiffs R.S. and L.R. of the charges against L.R.

f.  They failed to notify Plaintiffs R.S. and L.R. of their right to appeal the long-term suspension to the Board of Education.

g. They removed Plaintiff L.R. for more than ten (10) school days and transferred her to the virtual program without first affording her a full and fair opportunity to appeal her long-term suspension and the opportunity to stay her suspension pending such appeal.

## **RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

110. Enter a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that the actions of Defendants in excluding Plaintiff L.R. from RJJJH and subsequently moving her to a virtual placement for an indefinite time period without providing a full and fair opportunity to be heard or an opportunity to appeal violated Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution; Article I, Section 10 of the Missouri Constitution; Article IX, Section 1(a) of the Missouri Constitution; the Missouri Administrative Procedure Act; and Missouri Revised Statutes Sections 167.161 and 167.171;

111. Enter a temporary restraining order, preliminary injunction, and permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure:

a. enjoining Defendants to immediately return Plaintiff L.R. to RJJJH with appropriate transition supports;

b. enjoining Defendant Board from enforcing its policy of transferring students to virtual learning or other alternative educational programs without affording students appropriate due process;

c. enjoining Defendants to immediately expunge any mention of alleged misconduct and charges, suspensions, and probation from Plaintiff L.R.'s records;

d. enjoining Defendants to restore to Plaintiff L.R. all of the rights and privileges associated with being a student in good standing within the District;

19

e.  enjoining Defendants to provide Plaintiff L.R. with compensatory education in the form of one-on-one tutoring to ensure that she is made whole for the period in which she was without access to instruction while excluded from RJJJH.

112.   Award Plaintiffs their court costs and reasonable attorneys' fees; and

113.   Grant Plaintiffs such other and further relief as may be necessary and proper.

Respectfully submitted,

LEGAL SERVICES OF EASTERN MISSOURI

By      /s/ Elizabeth Hope Fink
Elizabeth Hope Fink, MO Bar #72800
Amanda J. Schneider, MO Bar #59263
Lisa J. D'Souza, MO Bar #65515
**LEGAL SERVICES OF EASTERN MISSOURI**
701 Market Street
Suite 1100
St. Louis, MO 63101
(314) 256-8793 direct
(314) 451-1187 fax
ehfink@lsem.org
ajschneider@lsem.org
ljdsouza@lsem.org

Matt Vigil, MO Bar #64215
**MEDICAL-LEGAL PARTNERSHIP CLINIC**
**SAINT LOUIS UNIVERSITY SCHOOL OF LAW**
100 North Tucker Boulevard, Suite 704
St. Louis, Missouri 63101
(314) 977-2778
(502) 550-5503 direct
matt.vigil@slu.edu

**ATTORNEYS FOR PLAINTIFFS**