**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| L.R., by and through her next friend, R.S.; and R.S., individually and as next friend to L.R.,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE BOARD OF EDUCATION OF JENNINGS SCHOOL DISTRICT, et al.,<br><br>*Defendants*. | ) | No. 4:26-cv-00617-JMD |

## MEMORANDUM AND ORDER

L.R. and her mother, R.S., alleged that after an incident involving L.R.'s father at end-of-school pickup, employees of Jennings School District placed L.R. in an out-of-school virtual learning program that was inferior to regular schooling. According to their complaint, the district employees did not provide L.R. with an explanation of how her conduct justified the suspension, a timeline or consistent standards for returning to in-person classes, or an opportunity to be heard or appeal. Those shortcomings, they argued, violated L.R.'s rights to constitutional and statutory due process as well as a free public education. Since then, the parties have reached a settlement, ECF 38-2. L.R.'s mother has also moved to proceed as her next friend, ECF 2, and for leave to proceed anonymously, ECF 3. The Court grants R.S.'s motion to proceed as L.R.'s next friend, but not anonymously. As to the settlement, the Court intends to approve it provided that the plaintiffs file an amended complaint that discloses R.S.'s identity.

To proceed as L.R.'s "next friend," R.S. must (1) "provide an explanation as to why [L.R.] cannot appear on h[er] own behalf," and (2) "have some significant relationship with" L.R. *Koehler v. Snyder,* No. 4:13-cv-836 CAS, 2013 WL 4507857, at *2 (E.D. Mo. Aug. 23,

2013). The first requirement is met here because as a minor, L.R. cannot prosecute the lawsuit or agree to a settlement on her own. *See E.K. ex rel. Kleinheider v. New Haven Sch. Dist. #138*, No. 4:23-cv-01104 SEP, 2024 WL 4227151, at *1 (E.D. Mo. Sept. 18, 2024) (explaining that Missouri law requires "a duly-appointed representative such as a guardian, conservator, next friend, or guardian ad litem" to approve a settlement like this one (quoting *Elmore v. Mansfield*, No. 3:11-cv-5088 DGK, 2013 WL 2666167, at *1 (W.D. Mo. June 12, 2013)). And R.S. satisfies the second requirement because she is a parent who "has a close and significant relationship with her child" and is "truly dedicated to the best interests of her child." ECF 2 at 2. So, the Court will allow R.S. to proceed as L.R.'s next friend.

But the Court will not allow R.S. to proceed anonymously. She argues that disclosing her identity "will effectively disclose L.R.'s identity" too. ECF 3 at 2. True, the Federal Rules of Civil Procedure presumptively require anonymizing minors by their initials, but there is no similar requirement for parents. *Compare* Fed. R. Civ. P. 5.2(a)(3) (stating that filings must replace "the name of an individual known to be a minor" with "the minor's initials"), *with id.* 10(a) ("The title of the complaint must name all the parties."). Instead, Rule 10 creates a "strong presumption against allowing parties to use a pseudonym." *Roe v. St. Louis Univ.*, No. 4:08-cv-1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (quoting *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999)). A party may overcome that presumption "only in those limited circumstances where [the] need for anonymity outweighs countervailing interests in full disclosure." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024).

This case is not one of them. R.S. and L.R. do not share a last name, and R.S. has not established that third parties necessarily will infer L.R.'s identity from her mother's. Even if third parties *would* discern L.R.'s identity, the fact that she was suspended from in-person

classes after a vaguely described "incident" involving her father is not particularly sensitive. *See id.* at 1077 (listing one factor to consider as whether identifying a party "threaten[s] to reveal information of a sensitive and highly personal nature"); Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L. J. 1353, 1457–60 (2022) (explaining that "some cases allow parents who are suing on behalf of their minor children to proceed pseudonymously, at least when the case involves *highly personal information* about the *children*" (emphases added)). This case does not involve, for example, sexual assault or coercion of a minor to use drugs. *See R.P. v. Smith*, No. 4:22-cv-00874 SEP, 2022 WL 4130802, at *2 (E.D. Mo. Sept. 12, 2022).

If anything, there are weighty interests in full disclosure because knowing the identities of the people involved in this case could help third parties assess the reasonableness or unreasonableness of a school policy that has become a topic of public debate across the nation. The school district in this case has been featured in national media on the topic of discipline at issue. *See, e.g.*, Carly Graf, *The newest form of school discipline: Kicking kids out of class and into virtual learning*, Washington State Standard (Aug. 7, 2023) (explaining how "[s]chool districts across the country, including in Missouri, have begun punishing students by forcing them into online classes");[1] *id.* (quoting the "superintendent of Jennings School District in Missouri"). R.S.'s own complaint invokes the surrounding policy debate about virtual learning, including what critics say is a negative effect on students of certain races. Therefore, the Court will deny her motion for leave to proceed anonymously.

As to the settlement, the Court "looks to state law for the standard governing the approval of" it because it involves a minor. *E.K.*, 2024 WL 4227151, at *1 (*quoting Elmore*,

---

[1] https://washingtonstatestandard.com/2023/08/07/the-newest-form-of-school-discipline-kicking-kids-out-of-class-and-into-virtual-learning/; perma.cc/C69D-ZJFQ

2013 WL 2666167, at *1). Missouri law requires approval by "a duly-appointed representative such as a guardian, conservator, next friend, or guardian ad litem," which is fulfilled here by R.S.'s appointment as next friend of L.R. and R.S.'s consent to the settlement. *Id.* (quoting *Elmore*, 2013 WL 2666167, at *1).

Missouri law also requires the settlement to be "approved by the Court." Mo. Rev. Stat. § 507.184(2). The Missouri statute's goal is "to maximize the protection afforded a minor's legal action and [ensure] that any settlement is in the best interest of the child." *E.K.*, 2024 WL 4227151, at *1 (quoting *Fiegener v. Freeman-Oak Hill Health Sys.*, 996 S.W.2d 767, 774 (Mo. Ct. App. 1999)). Here, the Court is convinced that the settlement is in L.R.'s best interest. Although the defendants are not required to admit liability, they must remove any mention of the suspension from L.R.'s records, promote her to 8th grade, pay her $40,000 dollars plus $20,000 to her attorneys, and make available a policy that "clearly enshrines due process protections for all students prior to any transfer to virtual learning." ECF 38-2 at 1. Once the plaintiffs file an amended complaint that identifies R.S. by name, the Court will approve the settlement.

**IT IS HEREBY ORDERED** that R.S.'s motion for appointment of next friend as to L.R., ECF 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that R.S.'s motion for leave to proceed anonymously is **DENIED**. The plaintiffs will be given fourteen (14) days from the date of this order to file an amended complaint that identifies R.S. by name.

Dated this 14th day of October, 2026

Joshua Divine

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE

FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI